**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed August 13, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00614-CV**

---

**IN RE JASON CALLICOTTE, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-29563**

---

## MEMORANDUM OPINION

On August 7, 2019, relator Jason Callicotte filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Marilyn

Burgess, Harris County District Clerk, to file his motions, instruments, and pleadings.

This court's mandamus jurisdiction is governed by section 22.221 of the Government Code. A court of appeals may issue writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 Code of Criminal Procedure, in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge. Tex. Gov't Code Ann. § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. *Id.* § 22.221(a).

The Harris County District Clerk is not among the parties specified in section 22.221(b). *See id.* § 22.221(b). Moreover, relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce our jurisdiction over a pending appeal. *See id.* § 22.221(a). Therefore, we lack jurisdiction to issue a writ of mandamus against the Harris County District Clerk.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Christopher, Spain, and Poissant.